IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| VINCENT KEITH RAINES, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-93 |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under the Federal Torts Claim Act.  Doc. 1.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 7.

### PLAINTIFF'S CLAIMS[1]

Plaintiff, who is currently incarcerated at the Federal Correctional Institution ("FCI") in Marianna, Florida, brings this action under the Federal Torts Claim Act ("FTCA") against Defendant United States of America.  Doc. 1.  While he was incarcerated at FCI Jesup in Jesup, Georgia, Plaintiff alleges Federal Bureau of Prisons' officials violated his First Amendment rights by retaliating against him for filing grievances and his Eighth Amendment rights by

---

[1]    All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

subjecting him to a serious risk to his health and safety and housing him in unsafe prison conditions.  Id. at 1–3.

Plaintiff alleges on February 23, 2017, Case Manager Harrison performed an "ad hoc team review" of Plaintiff.  Id. at 5.  Plaintiff refused to sign a form as part of that review because Harrison did not explain to Plaintiff what he was signing.  Id.  Plaintiff submitted a grievance related to this incident.  Id. at 6.  The next day, when Harrison learned about this grievance, he entered inaccurate information into the prison system to increase Plaintiff's custody score and to intimidate Plaintiff from submitting any more grievances about Harrison.  Id. at 7.  The problems with Plaintiff's inappropriately increased custody score persisted.  Id. at 7–9.  On November 28, 2017, Plaintiff began filing grievances in accordance with Bureau of Prisons' policy related to his custody score.  Id. at 10.

On December 14, 2017, after turning in his BP-9, Harrison went to Plaintiff's cell and began destroying items, trashing the cell, and confiscating personal belongings.  Id. at 10–11.  The search of his cell and seizure of his property was not performed in accordance with prison regulations.  Id.  Then, in late 2017, Plaintiff was moved from a two-man cell to a three-man cell, which also housed young gang members, as retaliation for his various grievances against Harrison.  Id. at 14.  Plaintiff was again moved on April 25, 2018, to a new cell and assigned a top bunk, despite having a medical profile for a lower bunk.  Id. at 15.  Plaintiff was informed Harrison ordered this move.  Id.  Plaintiff contends his placement in a top bunk in a cell with young gang members was in retaliation for filing grievances, prison officials placed him there with malicious intent, and they were deliberately indifferent to his health and safety when doing so.  Id. at 16.

Plaintiff complained about this treatment to his family in a phone call, which Harrison overheard. Id. at 16–17. As a result, Harrison and another prison official, Lieutenant M. Allen, conspired on April 30, 2018, to file a false incident report against Plaintiff for threatening staff and used the incident report to place Plaintiff in the Special Housing Unit. Id. at 17. After a sham disciplinary hearing, Plaintiff was punished by placement in disciplinary segregation and other sanctions. Id. at 18. This caused Plaintiff severe mental distress. Additionally, while in disciplinary segregation, the water in Plaintiff's cell became contaminated with human waste from a ruptured septic tank; however, Plaintiff was not told or provided safe drinking water for two days after the contamination. Id. at 18–19. As a result, Plaintiff contracted Helicobacter pylori from the contaminated drinking water. Id.

Plaintiff was also housed in more danger prisons, subjecting him to a substantial risk of serious harm, from September 10, 2018 to May 2019. Id. at 20. Plaintiff contends the transfers to these more dangerous prisons were also done in retaliation for submitting grievances and in violation of his First Amendment rights. Id. at 21. Plaintiff was housed at the Tallahassee Federal Detention Center in Tallahassee, Florida, and the United States Penitentiary McCreary in Pine Knot, Kentucky, during this time. As a result of the retaliation and unsafe prison conditions, occurring from about February 2017 until May 2019, Plaintiff requests monetary damages. Id. at 25. Plaintiff is only suing Defendant United States of America under the FTCA. Id. at 1.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C.

§ 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

## DISCUSSION

**I.     Dismissal Under 28 U.S.C. § 1915(g)**

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation Reform Act of 1995 ("PLRA").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit upheld the constitutionality of § 1915(g) in Rivera v. Allin, concluding that § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an inmate's rights to access to the courts, to due process of law, or to equal protection.  Rivera, 144 F.3d at 723–28.

A review of Plaintiff's history of filings reveals he has brought at least three civil actions that were dismissed and constitute strikes under § 1915(g):

1) Raines v. Chapman, No. 2:91-cv-198 (M.D. Fla. Sept. 11, 1991) (dismissing complaint as frivolous);

2) Raines v. Perrin, No. 3:91-cv-1472 (11th Cir. Aug. 19, 1994) (dismissing appeal because it was "without arguable merit"); and

3) Raines v. RJM Acquisitions LLC, No. 1:13-cv-171 (N.D. Fla. Sept. 10, 2014) (dismissing complaint for abuse of the judicial process).[2]

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).  "[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g) . . . ."  Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004); see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger").

Plaintiff's allegations are insufficient to show he was in imminent danger when he brought this action on September 30, 2021, as required to surpass § 1915(g)'s three strikes provision.  Plaintiff fails to allege anything in his Complaint indicating he is in imminent danger of serious physical injury.  See Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A]

---

[2] A review of PACER Case Locator reflects Plaintiff also filed at least 10 prisoner civil rights cases while he was incarcerated, primarily in the Middle District of Florida.  Vincent Keith Raines is identified as the plaintiff in the following Middle District of Florida cases: 2:1991-cv-00198 (closed 10/24/1991); 2:1991-cv-00218 (closed 02/06/1992); 2:1992-cv-00225 (closed 08/04/1992); 2:1993-cv-00236 (closed11/16/1993); 3:1992-cv-01103 (closed 1/01/1993); 2:1993-cv-01472 (closed 11/23/1993); 6:1991-cv-00137 (closed 10/28/1992); 6:1991-cv-00138 (closed 11/04/1992); 8:1989-cv-00218 (closed 05/30/1990); and in the Southern District of Florida in case 2:1991-cv-14147 (closed 08/08/1991).  However, the basis for dismissal cannot be determined in these cases from the information available in PACER and, thus, are not considered for purposes of determining whether Plaintiff is a "three-striker."

three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint."). Moreover, Plaintiff is no longer housed at FCI Jesup, where he allegedly experienced retaliation and unsafe prison conditions, or the other purportedly dangerous prisons—Tallahassee Federal Detention Center and United States Penitentiary McCreary. See Doc. 1. Further, Plaintiff explains the unsafe conditions he experienced ceased in May 2019. Id. at 20. As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*. Accordingly, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint due to Plaintiff's failure to prepay the entire filing fee in this case.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (providing trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in*

*forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Docs. 7.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA